FOX v. DAMM.

(District Court, S. D. New York. November 26, 1900.)

SHIPPING—LANDING SCOW ON ROCKY BEACH—CHARTERER'S RISK.

A charterer of a scow, which at his instance made a landing at an unusual place, with which the master was unacquainted, must be held to have assumed the risk of such landing, and is liable to the owner for an injury received from striking upon rocks near the shore without the fault of the master.

In Admiralty.

Frederick W. Park, for libelant.
Louis L. G. Benedict, for respondent.

BROWN, District Judge. There is considerable conflict in the evidence as to what was said or agreed as respects beaching the scow for the purpose of landing the house; but the circumstances are so peculiar, the place of landing so unusual and unnatural, that it is extremely improbable that either the owner or the master of the

scow, would have undertaken to make any such landing on his own responsibility. The scow was taken to the place of landing by a tug that was employed by the respondent and was acting under his orders, and in that sense and to that extent the scow was in his charge. When brought to the beach the scow was cast off from the tug by the latter and allowed to drift ashore. I credit the captain's statement that he objected to taking the house on the boat to be landed in such a manner; and there is no doubt that the respondent urged the landing, and represented that the landing place was safe for beaching. The libelant's witnesses say that the respondent also agreed to be responsible for the event, which the latter denies.

Without passing upon the question of credibility involved in this last point, I think there can be no doubt that it was through the respondent's representations and assurances of safety that this landing was made. The scow was brought there directly by the respondent, and the captain was wholly ignorant of the situation. It is said that stakes marked the place where the scow should go. It may be true that if she could have been landed and kept in that precise spot without swerving, the stones upon the bottom near the stakes by which the scow was damaged would have been avoided. I do not think that this would be sufficient to excuse the respondent from liability for causing the landing to be made in such a locality. I am not satisfied that the settling upon the rock which damaged the scow was through any remissness or carelessness of the captain. The rock was so near the exact place indicated by the respondent as to be a menace to the safety of boats undertaking to go there, and any such attempted landing was, therefore, at the respondent's risk, unless some positive fault or negligence of the boat was established, which has not been done.

I must, therefore, decree for the libelant for the hire and towage as claimed in the libel, as well as for the damage and detention, as to which a reference may be taken if the parties cannot agree.